IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-30904

Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHNNY MARTINEZ,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 96-CR-60012-001

---

September 25, 1998

Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

        At Johnny Martinez's trial for conspiracy, possession
with intent to distribute cocaine, and interstate travel in aid of
illegal activity, a government witness twice indicated his opinion
that Martinez was not credible. The court twice refused a motion
for mistrial. It did, however, give the jury a limiting instruction
to disregard the witness's characterization of Martinez's
credibility. The defendant was convicted, and he appeals.

---

        [*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

A district court's refusal to grant a mistrial based on prejudicial evidence is reviewed for abuse of discretion, with a mistrial "required only if there is a significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict, viewed in light of the entire record." United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998). Here, the evidence of Martinez's guilt is overwhelming. The defendant objects that the jury deliberated a long time. This indicates care, not that the case ultimately was a close one. The court's instruction to the jury thus cured any prejudice that the unprovoked remarks might have caused. See, e.g., United States v. Willis, 6 F.3d 257, 263 (5th Cir. 1993). The cases cited by the defendant are inapposite.

AFFIRMED.